[662 NYS2d 59]

In the Matter of ALEXIS ALCIDE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 18, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner. *Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 30 charges of professional misconduct against him. The Special Referee sustained all 30 charges. The Grievance Committee now moves to confirm the Special Referee's report, except for Charge Twenty-Eight, which was withdrawn, while the respondent cross-moves to confirm in part and disaffirm in part.*

Charge One alleged that the respondent commingled personal funds with money entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Between May 1993 and November 1993, the respondent maintained an escrow account with Citibank, entitled "Alexis Alcide, Esq., Attorney Trust Account, IOLA Account." During that period, the respondent deposited into his escrow account money entrusted to him as a fiduciary. During that period, the respondent's escrow account also contained large amounts of his personal funds.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]). By letters dated July 21 and September 15, 1993, the respondent was advised that the Grievance Committee had commenced *sua sponte* investigations based upon notifications that checks issued from his escrow account had been dishonored. On March 14, 1994, pursuant to those investigations, the respondent falsely testified that he had never deposited personal funds into his escrow account. During his testimony, the respondent also falsely identified certain items which were deposited into his escrow account as clients' funds which he was holding in trust.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the facts alleged in Charge Two.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), based on the facts alleged in Charge Two.

---

* Although the Grievance Committee withdrew Charge Twenty-Eight during the proceeding, the Special Referee sustained all 30 charges.

Charge Five alleged that the respondent failed to maintain a record of all deposits into and withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1]). Between May 1993 and November 1993, the respondent maintained an escrow account with Citibank, into which he made deposits and withdrawals. The respondent failed to record all of those deposits and withdrawals in an escrow ledger account.

Charge Six alleged that the respondent improperly made cash withdrawals from his escrow account, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]). In or about August and September 1993, the respondent made several cash withdrawals from his escrow account.

Charge Seven alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). On or about August 11, 1992, the respondent represented Mary Morris at a real estate closing. The respondent failed to provide Ms. Morris with a closing statement despite her repeated requests for one.

Charge Eight alleged that the respondent failed to reduce a contingency fee agreement to writing, in violation of Code of Professional Responsibility DR 2-106 (D) (22 NYCRR 1200.11 [d]). In or about May 1990, the respondent was retained to prosecute a personal injury claim on behalf of Josie Leandre. Pursuant to their agreement, the respondent's fee would be one third of any recovery. The respondent failed to reduce that fee agreement to writing.

Charge Nine alleged that the respondent failed to timely file a retainer statement with the Office of Court Administration (hereinafter OCA), in violation of 22 NYCRR 691.20 (a). The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Ten alleged that the respondent failed to reduce a contingency fee agreement to writing, in violation of Code of Professional Responsibility DR 2-106 (D) (22 NYCRR 1200.11 [d]). The respondent was retained to prosecute personal injury claims on behalf of Chris LaLane, Sinfensena Petit-Fils, and Maria Phanor. It was agreed that the respondent's fee would be one third of any recovery. The respondent failed to reduce that fee agreement to writing.

Charge Eleven alleged that the respondent failed to timely file a retainer statement with OCA, in violation of 22 NYCRR

691.20 (a). The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Twelve alleged that the respondent failed to timely file a closing statement with OCA, in violation of 22 NYCRR 691.20 (b). In or about May 1993, the respondent settled the personal injury claims of Chris LaLane, Sinfensena Petit-Fils, and Maria Phanor. He failed to file a closing statement with OCA within 15 days of his receipt of a portion of the settlement proceeds.

Charge Thirteen alleged that the respondent failed to timely file a retainer statement with OCA, in violation of 22 NYCRR 691.20 (a). In or about October 1992, the respondent was retained to prosecute a personal injury claim on behalf of Randall Minto. It was agreed that the respondent's fee would be one third of any recovery. The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Fourteen alleged that the respondent failed to timely file a closing statement with OCA, in violation of 22 NYCRR 691.20 (b). In or about June 1993 the respondent settled Mr. Minto's personal injury claim. The respondent failed to file a closing statement with OCA within 15 days of his receipt of a portion of the settlement proceeds.

Charge Fifteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Although the respondent settled Mr. Minto's claim for $10,000, he failed to turn over to Mr. Minto all of the proceeds of the settlement to which he was entitled.

Charge Sixteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the allegations set forth in Charge Fifteen.

Charge Seventeen alleged that the respondent collected an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11 [a]), based on the allegations set forth in Charge Fifteen.

Charge Eighteen alleged that the respondent failed to timely file a retainer statement with OCA, in violation of 22 NYCRR 691.20 (a). In or about May 1992 the respondent was retained to prosecute personal injury claims on behalf of Joyce and Lloyd Green. It was agreed that the respondent's fee would be one third of any recovery. The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Nineteen alleged that the respondent failed to timely file a closing statement with OCA, in violation of 22 NYCRR 691.20 (b). In or about July 1993 the respondent settled Mr. and Mrs. Green's personal injury claims. He failed to file a closing statement with OCA within 15 days of his receipt of a portion of the settlement proceeds.

Charge Twenty alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). The respondent settled Mr. and Mrs. Green's claims for $20,000. He failed to turn over to the Greens all of the proceeds of the settlement to which they were entitled.

Charge Twenty-One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the allegations set forth in Charge Twenty.

Charge Twenty-Two alleged that the respondent collected an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11 [a]), based on the allegations set forth in Charge Twenty.

Charge Twenty-Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). In or about November 1993, the respondent filed a closing statement with OCA pertaining to the Greens' personal injury claims. In that closing statement, the respondent indicated that the Greens received $12,600 and that the respondent received $7,400 when, in fact, the Greens received $12,400 and the respondent retained $7,600.

Charge Twenty-Four alleged that the respondent failed to timely file a retainer statement with OCA, in violation of 22 NYCRR 691.20 (a). In or about January 1993, the respondent was retained to prosecute a personal injury action on behalf of Carlton Moe. It was agreed that the respondent's fee would be one third of any recovery. The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Twenty-Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). The respondent settled Mr. Moe's claim for $15,000 but failed to turn over to the client all of the settlement proceeds to which he was entitled.

Charge Twenty-Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the allegations set forth in Charge Twenty-Five.

Charge Twenty-Seven alleged that the respondent collected an excessive fee, in violation of Code of Professional Responsibility DR 2-106 (A) (22 NYCRR 1200.11 [a]), based on the allegations set forth in Charge Twenty-Five.

Charge Twenty-Nine alleged that the respondent failed to timely file a retainer statement with OCA, in violation of 22 NYCRR 691.20 (a). In or about May 1993 the respondent was retained to prosecute a personal injury claim on behalf of Hubert Mitchell. By agreement, the respondent's fee would be one third of any recovery. The respondent failed to file a retainer statement with OCA within 30 days of being retained.

Charge Thirty alleged that the respondent failed to timely file a closing statement with OCA, in violation of 22 NYCRR 691.20 (b). The respondent failed to file a closing statement with OCA within 15 days of his receipt of a portion of the settlement of Mr. Mitchell's claim.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained Charges One through Twenty-Seven, Twenty-Nine, and Thirty. Accordingly, the Grievance Committee's motion to confirm is granted. The respondent's cross motion is granted to the extent that Charges Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Eighteen, Nineteen, Twenty-Four, Twenty-Nine, and Thirty are sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks that the Court take into consideration his lack of experience and his ignorance in connection with the business aspect of running a solo law practice. The respondent asserts that his transgressions were de minimis and that he did not embark upon an intentional pattern of conduct designed to violate the Court's rules.

The Special Referee made a specific finding that the respondent lacked candor. In addition, the Special Referee properly refused to consider an affidavit submitted after the hearing.

Under the totality of circumstances, the respondent is suspended from the practice of law for five years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Alexis Alcide, is suspended from the practice of law for a period of five years, commencing September 18, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Alexis Alcide, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.